1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYU-TAE JIN,<br><br>                    Plaintiff,<br><br>         v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br>                    Defendant. | CASE NO. 2:22-cv-1714<br><br>ORDER DENYING GEICO'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## 1. INTRODUCTION

This is an insurance bad faith case. Plaintiff Kyu-Tae Jin sued Defendant GEICO Advantage Insurance Company, alleging GEICO violated the Insurance Fair Conduct Act ("IFCA"), breached certain duties owed to Jin, and other State laws when Jin tried to collect benefits under his uninsured motorist policy ("UIM") following a car crash.

GEICO moves for partial summary judgment on Jin's extracontractual claims and his request for fees under *Olympic S.S. Co. v. Centennial Ins. Co.*, 811 P.2d 673 (Wash. 1991). Dkt. No. 13. Having considered the motion and the relevant record, the Court DENIES the motion for the reasons explained below.

## 2. BACKGROUND

In May 2018, an underinsured motorist rearended Jin. The crash caused minor scratches to Jin's car, but his airbags did not deploy, he did not suffer any immediate bleeding, and he was not "knocked out." Dkt. No. 14-6 at 4, 5, 7. The day after the accident, however, Jin began hearing a ringing noise and experiencing dizziness. Dkt. Nos. 14-10 at 4, 17-4 at 2. Jin sought medical attention. Dkt. No. 14-7.

On June 5, 2019, Jin began seeing Dr. Alan Langman for the symptoms he was experiencing. Dkt. No. 17-13 at 8. Jin saw Dr. Langman several times between June 5 and June 25, 2019. Dkt. No. 17-9 at 3. Dr. Langman concluded that Jin's "dizziness and right ear symptoms of tinnitus . . . are due to his [motor vehicle accident] of 5/6/2018 on a more probable than not basis." Dkt. No. 17-4 at 3.

Jin had a UIM policy with GEICO that provided $100,000/$300,000 in coverage for each person/each accident. Dkt. No. 14-3 at 1. He submitted various medical bills from Dr. Langman to GEICO for payment, but GEICO denied Jin's request for payment. Dkt. Nos. 14-9; 17-14.

Jin sued the at fault driver, who had a $50,000 liability policy with Safeco, and ultimately settled his claim for policy limits. Dkt. No. 17-11 at 1.

In April 2022, Jin demanded his UIM policy limit from GEICO. Dkt. No. 17-11 at 1, 7. He included his relevant medical records with his demand letter, including a letter from Dr. Langman stating his opinions about Jin's condition. *Id.* at 1. GEICO set its reserves for Jin's bodily injury claim at $35,000, and requested an Independent Medical Examination (IME). Dkt. Nos. 17-11 at 3; 14-8 at 1. On

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

August 10, 2022, Dr. James C. Rockwell examined Jin. Dkt. No. 14-2. He also reviewed Jin's medical records and the opinion letter from Dr. Langman. *Id.* Dr. Rockwell concluded "on a more-probable-than-not basis that the [Jin's] ongoing subjective complaint of tinnitus is totally inconsistent to the mild degree of trauma that the claimant sustained at the time of the accident." Dkt. Nos. 14-2 at 7, 14-9 at 1. Based on Dr. Rockwell's report, GEICO determined that Jin's "ear tinnitus was not as a result of the collision." Dkt. No. 14-9 at 1. GEICO eventually decreased its reserves for Jin's bodily injury claim to $7,500. Dkt. No. 17-12 at 1.

GEICO responded to Jin's demand, stating, "[w]ith offsets for the $50,000 underlying settlement and $8,775.60 in waived subrogation, it appears [Jin's] claim falls within the amounts already received." Dkt. No. 14-9 at 1. GEICO offered Jin $2,000 to settle his UIM claim. *Id.* GEICO claimed that its evaluation was based on "all of the information currently available to us, including the medical records, bills, and information in [Jin's] demand letters." *Id.* at 2.

### 3. DISCUSSION

#### 3.1. Legal standard.

"[S]ummary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) (internal citation omitted). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, courts must view the evidence "'in the

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

light most favorable to the non-moving party.'" *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019). (internal citation omitted). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Summary judgment should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### 3.2. Insurance Fair Conduct Act ("IFCA").

GEICO moves to dismiss Jin's IFCA claim. "IFCA provides that any 'first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action . . . to recover the actual damages sustained.'" *Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1107 (W.D. Wash. 2017) (citing RCW 48.30.015(1)).

GEICO alleges that Jin's IFCA claim is doomed because he fails to establish a key statutory requirement: a denial of coverage or payment. GEICO contends, it accepted Jin's UIM claim and valued it "well within the $58,775.60 setoff GEICO was entitled to ($50,000 policy tendered plus the $8,775.60 PIP benefits already paid by GEICO)." Dkt. No. 19 at 3. GEICO argues that its offer to settle Jin's "UIM claim for $2,000 as a compromise[,]" for total compensation of $60,775.60 satisfies its obligations under IFCA. Dkt. No. 13 at 4.

But accepting a claim and paying or offering to pay *any* amount is not enough to escape liability, as numerous courts within this district have held, "[w]here the insurer pays or offers to pay a paltry amount that is not in line with the losses

claimed, is not based on a reasoned evaluation of the facts (as known or, in some cases, as would have been known had the insurer adequately investigated the claim), and would not compensate the insured for the loss at issue, the benefits promised in the policy are effectively denied." *Morella v. Safeco Ins. Co. of Illinois*, No. C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013); *see Heide*, 261 F. Supp. 3d at 1107 (citing *Morella* with approval); *Langley v. GEICO Gen. Ins. Co.*, 89 F. Supp. 3d 1083, 1092 (E.D. Wash. 2015) (same). Whether an offer effectively denies an insured the benefits of their insurance policy is gauged by what the insurer knew or should have known when it made the offer. *Heide*, 261 F. Supp. 3d at 1108.

GEICO argues the amount it offered to pay was reasonable based on the information it had then, but courts encountering similar circumstances have found this reserved for the jury. The Court finds *Heide v. State Farm Mut. Auto. Ins. Co.,* instructive. 261 F. Supp. 3d at 1108. In *Heide,* the reasonableness of the insurer's UIM offer turned on the reasonableness of the insurer's conclusion the insured's injury was unrelated to the car crash. *Id.* at 1107-08. Because if it was unreasonable to determine the injury was unrelated to the crash, then the insurer's offer "was unreasonable and in violation of IFCA because [the insurer] offered an amount it knew, in light of the medical evidence it received from plaintiff, was significantly less than the value of plaintiff's claim." *Id.* at 1108. The court denied the insurer's summary judgment motion on the insured's IFCA claim, finding a genuine dispute of material fact on the reasonableness of the insurer's determination that the insured's injury was unrelated to the crash. *Id.*

1

2    Here, a genuine dispute of material fact precludes summary judgment on

3    Jin's IFCA claim. The reasonableness of GEICO's offer turns on whether Jin's

4    tinnitus is reasonably traceable to the accident. *See Heide*, 261 F. Supp. 3d at 1107.

     If it was unreasonable for GEICO to determine that Jin's tinnitus was unrelated to

5    the car accident, then its offer of $2,000 was unreasonable and violated IFCA

6    because GEICO offered an amount it knew was significantly less than the value of

7    Jin's claim given the medical evidence it received from Jin. *Id*. GEICO may argue

8    that it offered more than $2,000, but this presumes a right to an offset that it has

9    not established at this point,[1] so for now, the Court considers only the undisputed

10   compromise offer of $2,000.

11        Jin's medical expert argues that the car accident caused his tinnitus. But

12   GEICO's expert reached the opposite conclusion. Thus, an issue of fact surrounds

13   the Court's inquiry about whether GEICO conducted a "reasoned evaluation of the

14   facts"; the Court cannot decide this issue on summary judgment. *See Langley v.*

15

16   _____

17   [1] "The insurer bears the burden of establishing the right to and amount of any
     offsets necessary to avoid double recovery." *Canyon Ests. Condo. Ass'n v. Atain*
     *Specialty Ins. Co.*, No. 2:18-CV-01761-RAJ, 2021 WL 1208581, at *8 (W.D. Wash.
18   Mar. 31, 2021) (cleaned up) (quoting *Puget Sound Energy, Inc. v. Alba Gen. Ins. Co.*,
     68 P.3d 1061, 1065 (Wash. 2003)). GEICO assumes that it is entitled to an offset of
19   the PIP benefits already paid or amounts Jin recovered from the at-fault driver, but
     the Court cannot rule as a matter of law that Jin has already achieved full recovery
20   and that anything more would amount to double recovery, triggering GEICO's right
     to an offset. It is also unclear from the record whether Jin's insurance policy
21   contained an offset, or some other, contractual clause that should be given effect or
     that would otherwise control the issue. This uncertainty is why courts typically
22   apply offsets post-trial. *See, e.g., Lock v. Am. Fam. Ins. Co.*, 460 P.3d 683, 696 (2020)
     (holding trial court erred by failing to apply contractual offset to UIM award
23   following jury verdict).

ORDER - 6

*GEICO Gen. Ins. Co.*, 89 F. Supp. 3d 1083, 1092 (E.D. Wash. 2015) (internal citation omitted).

This case is distinguishable from cases like *Smith v. State Farm Mut. Auto. Ins. Co.*, which GEICO cites in support of its motion, in which the court found that an IFCA claim could not survive because the insurer had "fulfilled the claimant's entire demand." No. C12-1505-JCC, 2013 WL 12107577, at *3 (W.D. Wash. Jan. 29, 2013). But GEICO has offered to pay *less* than the full amount. *Cf. Kenco Constr., Inc. v. Hartford Fire Ins. Co.,* No. 2:19-CV-01000-RAJ, 2020 WL 1433738, at *4 (W.D. Wash. Mar. 24, 2020) ("Because [the insurer] paid [the plaintiff] in full, [the plaintiff's] IFCA claim fails."). This is true even assuming for argument's sake that GEICO is entitled to an offset of $58,775.60 given Jin's $100,000 UIM policy limit.

Accordingly, the Court finds that whether GEICO "unreasonably den[ied] payment of benefits" or "reasonably disputed the amount" is a question for the jury. *See Country Preferred Ins. Co. v. Hurless*, No. C11-1349-RSM, 2012 WL 2367073, at *6 (W.D. Wash. June 21, 2012). It follows that because there is a question of fact about whether GEICO unreasonably denied benefits, there are questions of fact about GEICO's claims handling that cannot be resolved at this stage of the case.

### 3.3.   Bad faith claim.

GEICO argues Jin's bad faith claim fails because he has not alleged a specific unreasonable action that goes beyond a dispute in value. But as discussed above, Jin contends that the denial of benefits, based on GEICO crediting its expert's opinion over Jin's expert was unreasonable and constitutes bad faith.

1    "[A]n insurer has a duty of good faith to its policyholder and violation of

2    that duty may give rise to a tort action for bad faith. . . . To succeed on a bad

3    faith claim, the policyholder must show the insurer's breach of the insurance

4    contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78

5    P.3d 1274, 1276-77 (Wash. 2003) (internal citations omitted). "Whether an insurer

6    acted in bad faith is a question of fact." *Id.* at 1277. There is no bad faith where

7    "there is a debatable question regarding coverage for the loss, and the denial of

8    coverage is based on a reasonable interpretation of the insurance policy." C*apelouto*

9    *v. Valley Forge Ins. Co.*, 990 P.2d 414, 422 (Wash. Ct. App. 1999); *see Smith*, 78 P.3d

10   at 1277 ("The insurer is entitled to summary judgment if reasonable minds could

11   not differ that its denial of coverage was based upon reasonable grounds.").

12   These principles are on display in *Leahy v. State,* in which the insured's and

13   insurer's medical experts disagreed about whether a car crash caused the insured's

14   autoimmune disease. 418 P.3d 175, 178-79 (Wash. Ct. App. 2018). Based only on its

15   own expert's opinion, the insured offered $11,116.11 to settle the insured's UIM

16   claim despite a $100,000 policy limit. *Id.* at 180. Thus, a question before the court

17   was "whether there is a genuine issue of material fact whether this insurer acted

18   reasonably in relying solely on its expert on causation, while ignoring [the insured's]

19   expert on causation." *Id.* at 186. The court held questions of fact prevented

20   summary judgment on "whether it is reasonable for an insurer to deny coverage

21   based solely on its own expert when there is other credible evidence on causation"

22   and whether the insurer's offer was reasonable. *Id.* at 186-88.

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Thus, even if GEICO can point to a reasonable basis for its action, summary judgment is unwarranted because Jin presented evidence "'that other factors outweighed the alleged reasonable basis.'" *Id.* at 189 (internal citation omitted). *See also Smith*, 78 P.3d at 1277 ("[A]n insurer is entitled to a directed verdict or a dismissal on summary judgment of a policyholder's bad faith claim only if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances, or the insurance company is entitled to prevail as a matter of law on the facts construed most favorably to the nonmoving party.").

Jin's bad faith claim encompasses the same allegedly unreasonable conduct as his claim under IFCA. *Heide*, 261 F. Supp. 3d at 1109. There are disputes of material fact regarding whether GEICO acted reasonably in offering $2,000 to settle Jin's claim given the conflicting information from Jin's medical providers.

### 3.4.   Washington Consumer Protection Act damages.

GEICO argues that Jin failed to make out a Washington Consumer Protection Act ("CPA") claim because he has not pled an injury to business or property.

Among other things, a plaintiff alleging a CPA claim must prove that he suffered injury in his "business or property." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 539 (Wash. 1986) (citing RCW 19.86.090). "The CPA allows a plaintiff 'injured in his or her business or property' by a CPA violation to recover actual damages." *W. Beach Condo. v. Commonwealth Ins. Co. of Am.*, 455 P.3d 1193, 1200 (2020) (quoting RCW 19.86.090).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Jin alleges his damages include "pain and suffering damages, lost wages, and attorneys fees." *See* Dkt. No. 16 at 13. Personal injury damages and lost wages are not recoverable under the CPA. *Ambach v. French*, 216 P.3d 405, 408 (Wash. 2009). But attorneys' fees and costs incurred investigating an insurer's mishandling of an insurance claim are cognizable injuries and damages under the CPA. *Peoples v. United Servs. Auto. Ass'n*, 452 P.3d 1218, 1223 (Wash. 2019). Jin also alleges that he is "[e]ntitled to fair and reasonable compensation under his underinsured motorist coverage." Dkt. No. 1-2 at 6. "[T]he deprivation of contracted-for insurance benefits is an injury to 'business or property' regardless of the type of benefits secured by the policy." *Peoples*, 452 P.3d at 1222.

Viewing the facts in the light most favorable to Jin, as the Court must on summary judgment, the Court finds there is a genuine dispute about whether Jin has suffered an injury in his "business or property" to sustain his CPA claim. GEICO challenges no other elements of Jin's CPA claim, so the Court's ruling is limited to the issue of injury only.

## 3.5. Damages.

GEICO contends that Jin has not alleged any damages caused by GEICO's claims handling. But whether Jin's claim was unreasonably denied is closely related to GEICO's claims handling. There are open questions of fact on both fronts that the Court cannot decide on summary judgment that spill over into the question of damages suffered.

## 3.6. *Olympic Steamship.*

1

2

GEICO contends that *Olympic Steamship* fees are also unavailable to Jin because this is a valuation dispute, rather than a coverage dispute.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

In *Olympic S.S. Co. v. Centennial Ins. Co.,* the Washington Supreme Court held that "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." 811 P.2d 673, 681 (Wash. 1991). "[T]he rule articulated in *Olympic Steamship* is applicable where the insurer forces the insured to litigate questions of coverage . . . ." *McGreevy v. Oregon Mut. Ins. Co.*, 904 P.2d 731, 734 n.4 (Wash. 1995). "[C]overage concerns whether the insurer has a duty to pay while a claim issue concerns how extensive damages were." *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 294 (Wash. 1997); *see also Kroeger v. First Nat. Ins. Co. of Am.*, 908 P.2d 371, 373 (Wash. Ct. App. 1995) ("Coverage means the assumption of risk of occurrence of the event insured against before its occurrence.") (internal citation omitted). "Coverage disputes include both cases in which the issue of any coverage is disputed and cases in which 'the extent of the benefit provided by an insurance contract' is at issue." *Leingang*, 930 P.2d at 295 (internal citation omitted).

18

19

20

As explained above, whether coverage was unreasonably denied is still an open question. *See supra* Section 3.2. Thus, the Court DENIES GEICO's motion for summary judgment on this issue.

21

**3.7.   Rule 56(d) continuance to allow discovery.**

22

23

Jin asks the Court to reserve ruling on the extracontractual claims to allow time for Dr. Langman to prepare an updated report, and for Jin to depose John

Oughton and one of GEICO's claims adjusters. The Court DENIES Jin's request as moot given the rulings above denying GEICO's motion.

### 4.  CONCLUSION

In sum, the Court DENIES GEICO's motion for partial summary judgment.

Dated this 2nd day of November, 2023.

_____
Jamal N. Whitehead
United States District Judge